Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
Katrina L. Eiland (Cal. Bar No. 275701)
keiland@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (347) 390-2187

Justin M. Swartz (*pro hac vice* motion forthcoming)
jms@outtengolden.com
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060

*Counsel for Plaintiffs and Proposed Class members*

*Additional counsel listed on following page*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

|  |  |
|---|---|
| CELESTE OROZCO and DERRICK CHAMBERS, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT DEMAND FOR JURY TRIAL** |
| v. | |
| MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and BANK OF AMERICA CORPORATION, | |
| Defendants. | |

Gregg I. Shavitz (*pro hac vice* motion forthcoming)
gshavitz@shavitzlaw.com
Susan H. Stern (*pro hac vice* motion forthcoming)
sstern@shavitzlaw.com
Paolo C. Meireles (*pro hac vice* motion forthcoming)
pmeireles@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Counsel for Plaintiffs and Proposed Class members*

COMPLAINT

Plaintiffs Derrick Chambers and Celeste Orozco ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys at Outten & Golden LLP and Shavitz Law Group, P.A., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## **PRELIMINARY STATEMENT**

1.      Plaintiffs, former Financial Advisor Trainees employed by Defendants Merrill Lynch & Co., Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Bank of America Corporation (collectively, "Defendants") in the "Training Stage" of Defendants' Practice Management Development ("PMD") Program who were classified as non-exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") and state law, bring this action on behalf of themselves and other similarly situated current and former Financial Advisor Trainees and persons in similar positions regardless of their precise titles who performed work for Defendants while in the Training Stage of the PMD Program (collectively, "Training Stage Trainees").

2.      Defendants regularly have suffered, permitted, and/or encouraged Training Stage Trainees, including Plaintiffs, to work more than 40 hours in a workweek, but have not paid them for all of their hours worked.

3.      Although Defendants have been aware that Training Stage Trainees work in excess of their scheduled 37.5 hours per week, Defendants have failed to ensure that all of Training Stage Trainees' work hours were properly recorded and compensated.

4.      Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc., wholly-owned subsidiaries of Bank of America

- 1 -

Corporation, provide financial and investment services to customers across the United States, and manage over $2 trillion in client assets.

5. Defendant Bank of America Corporation is one of the largest banks in the United States and one of the largest brokerage firms in the world.

6. Defendants have employed Training Stage Trainees at their locations nationwide.

7. Pursuant to corporate policies formulated in whole or in part at Defendants' headquarters in New York, and applicable at Defendants' locations nationwide, Defendants have denied Training Stage Trainees compensation for all of their hours worked, including overtime hours.

8. Pursuant to corporate policies formulated in whole or in part at Defendants' headquarters in New York, and applicable at Defendants' locations nationwide, Defendants have encouraged and required Training Stage Trainees to work more than 40 hours per workweek, but have not compensated them for all of their hours worked.

9. By the conduct described in this Class and Collective Action Complaint, Defendants have willfully violated the FLSA and state law by failing to pay their employees, including Plaintiffs, proper wages as required by law.

10. Plaintiffs seek to recover unpaid wages that Defendants owe them and similarly situated current and former Training Stage Trainees. They bring this action under the FLSA, 29 U.S.C. §§ 201 *et seq*., on behalf of themselves and all similarly situated current and former Training Stage Trainees who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

11. Plaintiff Celeste Orozco (the "California Plaintiff") also brings this action on behalf of herself and all similarly situated current and former Training Stage Trainees who worked for Defendants in California pursuant to

COMPLAINT

Federal Rule of Civil Procedure 23, to remedy violations of the California Labor Code §§ 201-203, 218.5, 226, 510, 1174, 1174.5, and 1194; California Wage Order 4-2001; California Business and Professions Code §§ 17200 *et seq.*, and related regulations (collectively, the "California Wage Laws").

12.     Plaintiff Derrick Chambers (the "New York Plaintiff") also brings this action on behalf of himself and all similarly situated current and former Training Stage Trainees who worked for Defendants in New York pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142 *et seq.* (collectively, the "New York Wage Laws").

13.     On or about August 18, 2014, Plaintiffs and Defendants entered into a tolling agreement to toll the statute of limitations on any claim under the FLSA and New York state wage and hour laws for Plaintiffs and those Training Stage Trainees or employees in similar job positions with different titles who worked for Defendants in the United States, effective as of August 5, 2014.

## JURISDICTION AND VENUE

14.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

15.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.     This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claim and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

17.     This Court also has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1332(d).  There are more than 100 members of the proposed class.  At least some of the members of the proposed class are citizens of a different state than Defendants.  The claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs.

18.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

19.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred and Defendants are subject to the Court's personal jurisdiction in this District.

## THE PARTIES

**Plaintiffs**

***Plaintiff Celeste Orozco***

20.     Plaintiff Celeste Orozco ("Orozco") is a resident of Pomona, California.

21.     Orozco was directly employed by Defendants as a Training Stage Trainee from approximately July 2012 to October 2012.

22.     Merrill Lynch, Pierce, Fenner & Smith, Inc. was the entity listed on Orozco's W-2.

23.     Orozco worked for Defendants at one of their locations in Brea, California.

24.     Orozco regularly worked more than 40 hours in a workweek, but was not paid for any hours she worked over 40.

25.     During most weeks that Orozco worked for Defendants as a Training Stage Trainee, she worked in the office from approximately 7:00 a.m. to 3:00 p.m., Monday through Friday.   She continued to work from home for

- 4 -

approximately three to four additional hours in the evening.  Orozco also worked for approximately five hours each day on Saturdays and Sundays.  On average, Orozco worked approximately 60 or more hours per week.

26.     To the best of her recollection, which might be refreshed by review of documents and/or data currently in Merrill Lynch's sole possession, Orozco worked more than 40 hours specifically during the week of August 13, 2012.

27.     Defendants failed to keep accurate records of the hours that Orozco worked as a Training Stage Trainee.

28.     A written consent to join form for Orozco is attached hereto as **Exhibit A**.

***Plaintiff Derrick Chambers***

29.     Plaintiff Derrick Chambers ("Chambers") is a resident of New York, New York.

30.     Chambers was directly employed by Defendants as a Training Stage Trainee from approximately March 2012 to September 2012.

31.     Merrill Lynch, Pierce, Fenner & Smith, Inc. was the entity listed on Chambers' W-2s.

32.     Chambers worked for Defendants at one of their locations in New York, New York.

33.     Pursuant to Defendants' policy, pattern, and/or practice, Chambers regularly worked more than 40 hours in a workweek, but was but was not paid for any hours he worked over 40.

34.     During most weeks that Chambers worked for Defendants as a Training Stage Trainee, he worked in the office from approximately 7:30 a.m. to between 10:00 p.m. and midnight, approximately four days per week.  One day a week, Chambers worked in the office from approximately 8:00 a.m. to between

5:00 and 6:00 p.m.  On most Saturdays, Chambers worked in the office from approximately noon to between 8:00 p.m. and 9:00 p.m.  On average, Chambers worked approximately 80 or more hours per week.

35.     To the best of his recollection, which might be refreshed by review of documents and/or data currently in Merrill Lynch's sole possession, Chambers worked more than 40 hours specifically during the first week of his employment with Merrill Lynch in March 2012.

36.     Defendants failed to keep accurate records of the hours that Chambers worked as a Training Stage Trainee.

37.     A written consent to join form for Chambers is attached hereto as **Exhibit B**.

**Defendants**

***Defendant Merrill Lynch & Co., Inc.***

38.     Upon information and belief, Defendant Merrill Lynch & Co., Inc. is a Delaware corporation doing business within New York County in the State of New York.  Merrill Lynch & Co., Inc. is a wholly owned subsidiary of Bank of America Corporation.

***Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.***

39.     Upon information and belief, Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. is a Delaware corporation doing business within New York County in the State of New York and maintains corporate headquarters within the City and County of New York at 4 World Financial Center, New York, New York 10080.  Merrill Lynch, Pierce, Fenner & Smith, Inc. is a wholly-owned subsidiary of Bank of America Corporation and Merrill Lynch & Co., Inc.

***Defendant Bank of America Corporation***

COMPLAINT

40.     Upon information and belief, Defendant Bank of America Corporation is a Delaware corporation doing business within New York County in the State of New York.

41.     During all relevant times, each Defendant employed or acted in the interest of an employer toward Plaintiffs and other similarly situated current and former Training Stage Trainees, and directly or indirectly, jointly or severally, including without limitation, directly or indirectly controlled and directed the terms of employment and compensation of Plaintiffs and other similarly situated current and former Training Stage Trainees.  Upon information and belief, Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employees within the meaning of the FLSA and state law.

42.     Each Defendant had the power to control the terms and conditions of employment of Plaintiffs and other similarly situated current and former Training Stage Trainees, including without limitation, those terms and conditions relating to the claims alleged herein.

43.     During all relevant times, Defendants were Plaintiffs' employer or joint employer within the meaning of all applicable statutes.

44.     Upon information and belief, at all times pertinent hereto, each Defendant has employed more than five hundred people.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who elect to opt into this action who work or have worked for Defendants as Training Stage Trainees nationwide on or after August 5, 2011 (the "Collective").

- 7 -

46.     Plaintiffs are similarly situated to other Training Stage Trainees.

47.     Plaintiffs and other Training Stage Trainees are similarly situated in that they are subject to Defendants' common compensation policies, patterns, and/or practices, including without limitation Defendants' policy, pattern, and/or practice of suffering, permitting, and/or encouraging Training Stage Trainees to work more than their scheduled 37.5 hours per week without ensuring that all of their work hours were properly recorded and compensated, including overtime hours.

48.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other Training Stage Trainees.  There are many similarly situated current and former Training Stage Trainees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

### The California Class

49.     The California Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all persons who have worked for Defendants as Training Stage Trainees in California at any time between March 25, 2011 and the date of final judgment in this matter (the "California Class").

50.     Excluded from the California Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in

- 8 -

Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

51.     The persons in the California Class identified above are so numerous that joinder of all members is impracticable.  The California Plaintiff is informed and believes, and on that basis alleges, that Defendants have employed at least 100 persons who satisfy the definition of the California Class.

52.     Defendants acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class as a whole.

53.     There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

a.     whether Defendants have unlawfully failed to pay the California Class for all hours worked, including all overtime compensation owed, in violation of the California Labor Code and related regulations, Cal. Labor Code §§ 201-03, 226, 510, 1174, 1174.5, and 1194; Cal. Wage Order No. 4-2001; and the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200 *et seq.*;

b.     whether Defendants' policy and pattern or practice of failing to pay overtime to California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

c.     whether Defendants have unlawfully failed to keep and furnish California Class members with accurate records of hours worked in violation of California Labor Code §§ 226 and 1174;

COMPLAINT

d.      whether Defendants' policy and pattern or practice of failing to pay employees all wages due within the time required by law after their employment terminates violates California law; and

e.      the nature and extent of California Class members' injuries and the appropriate measure of damages for California Class members.

54.     The California Plaintiff's claims are typical of the claims of the California Class she seeks to represent.  The California Plaintiff and the California Class worked or work for Defendants as Training Stage Trainees in California and have been subjected to Defendants' policy and pattern or practice of failing to pay for all hours worked, including overtime wages for hours worked in excess of 40 hours per workweek and/or 8 hours per workday.  Defendants acted and refused to act on grounds generally applicable to the California Class, thereby making declaratory relief with respect to the California Class appropriate.

55.     The California Plaintiff will fairly and adequately represent and protect the interests of the California Class.  The California Plaintiff understands that, as a class representative, she assumes a fiduciary responsibility to the California Class members to represent their interests fairly and adequately.  The California Plaintiff recognizes that as the class representative, she must represent and consider the interests of the California Class just as she would represent and consider her own interests.  The California Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the California Class.  The California Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class.  The California Plaintiff understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class

COMPLAINT

counsel by providing them with information and any relevant documentary material in her possession, and testify, if required, in a deposition and in trial.

56.     The California Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The California Class members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

58.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

***The New York Class***

59.     The New York Plaintiff brings the Sixth and Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others who have worked for Defendants as Training Stage Trainees in New York between August 5, 2008 and the date of final judgment in this matter ("New York Class").

60.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the

COMPLAINT

Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

61.    The persons in the New York Class are so numerous that joinder of all members is impracticable.

62.    Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

63.    Upon information and belief, the New York Class consists of more than 100 members.

64.    The New York Plaintiff will fairly and adequately protect the interests of the New York Class.

65.    Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

66.    Common questions of law and fact exist as to the New York Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

a.    Whether Defendants failed to pay the New York Plaintiff and the New York Class overtime for all hours worked over 40 in a workweek;

b.    Whether Defendants failed to keep true and accurate time records for all hours worked by the New York Plaintiff and the New York Class;

c.    What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

d.    Whether Defendants failed to compensate the New York Plaintiff and the New York Class for all of the hours they worked; and

COMPLAINT

e.     The nature and extent of class-wide injury and the appropriate measure of damages for the class.

67.     The New York Plaintiff's claims are typical of the claims of the New York Class he seeks to represent.  The New York Plaintiff and the New York Class work or have worked for Defendants as Training Stage Trainees in New York and have not been compensated for all of the hours they worked, including for hours worked over 40 in a workweek.  The New York Plaintiff and the New York Class have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

68.     The New York Plaintiff has retained counsel competent and experienced in complex class actions and wage-and-hour litigation.

69.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies and procedures.  Although the relative damages suffered by individual New York Class Members are not *de minimis*, such damages are small as compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendants' practices.

70.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

COMPLAINT

71.     Pursuant to a centralized, company-wide policy, pattern, and/or practice set in whole or in part at Defendants' headquarters in New York, Defendants classified all of their Training Stage Trainees as non-exempt from federal overtime protections regardless of where they worked and suffered, permitted, and/or encouraged them to work in excess of their scheduled 37.5 per week without ensuring that these hours were properly recorded or compensated.

72.     As a result, Defendants failed to pay Plaintiffs and other Training Stage Trainees for all of their hours worked, including for any of the overtime hours they worked over 40 in a workweek.

73.     Defendants failed to keep accurate records of the hours that Plaintiffs and other Training Stage Trainees worked.

74.     Throughout the relevant period, it has been Defendants' policy, pattern, and/or practice to suffer, permit, and/or encourage Plaintiffs and other Training Stage Trainees to work in excess of their scheduled 37.5 hours per week without paying them for all hours worked, including overtime hours.

75.     All of the work that Plaintiffs and other Training Stage Trainees have performed has been assigned by Defendants, and/or Defendants have been aware or should have been aware of all of the work that Plaintiffs and other Training Stage Trainees have performed.

76.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA.  This policy, pattern, and/or practice includes but is not limited to:

a.      willfully failing to pay Plaintiffs and other Training Stage Trainees proper overtime wages for hours that they worked in excess of 40 hours in a workweek; and

b.     willfully failing to record and properly compensate for all of the time that Plaintiffs and other Training Stage Trainees have worked for the benefit of Defendants.

77.     Defendants are aware or should have been aware that the FLSA requires them to pay Plaintiffs and other Training Stage Trainees for all hours worked, and to pay them an overtime premium for hours worked in excess of 40 hours per workweek.

78.     Defendants' conduct alleged herein has been widespread, repeated, and consistent, and it is contrary to the FLSA.

### FIRST CAUSE OF ACTION
**FLSA:  Unpaid Overtime Wages**
**Brought by Plaintiffs Individually and on Behalf of the Collective**

79.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

80.     At all relevant times, Plaintiffs and other similarly situated current and former Training Stage Trainees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

81.     The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendants.

82.     Defendants were and are employers of Plaintiffs and other similarly situated current and former Training Stage Trainees and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

83.     At all relevant times, Plaintiffs and other similarly situated current and former Training Stage Trainees were and are employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

COMPLAINT

84.     Defendants have failed to pay Plaintiffs and other similarly situated current and former Training Stage Trainees the wages to which they were entitled under the FLSA.

85.     Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

86.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be tolled or extended by agreement, equity or operation of law.

87.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and other similarly situated current and former Training Stage Trainees have suffered damages by being denied wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**California Wage Order No. 4-2001; California Labor Code §§ 510, 1194:  Unpaid Overtime Wages**
**Brought by the California Plaintiff Individually and on Behalf of the California Class**

88.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     California law requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per workweek and over eight (8) per day.

90.     The California Plaintiff and California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

91.     At all relevant times, the California Plaintiff and California Class members worked in excess of 40 hours in a workweek and 8 hours in a workday.

92.     At all relevant times, Defendants failed and refused to pay the California Plaintiff and California Class members overtime premium pay for all of their overtime hours worked.

93.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the California Plaintiff and California Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## THIRD CAUSE OF ACTION
### California Labor Code §§ 201-03:  Wage Payment Violations
### Brought by the California Plaintiff Individually and on Behalf of the California Class

94.     The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95.     California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

96.     The California Plaintiff, and all members of the California Class who ceased employment with Defendants, are entitled to unpaid compensation, but have not received such compensation to date.

97.     More than thirty days have passed since the California Plaintiff and certain members of the California Class have left Defendants' employ.

COMPLAINT

98.    As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the California Plaintiff and the members of the California Class whose employment has ended are entitled to thirty days' wages under California Labor Code § 203, together with interest thereon and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
**California Wage Order No. 4-2001; California Labor Code §§ 226, 1174, & 1174.5:  Record-Keeping Violations Brought by the California Plaintiff Individually and on Behalf of the California Class**

99.    The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, all hours worked, to the California Plaintiff and California Class members in accordance with California Wage Order No. 4-2001 and California Labor Code § 226(a).  Such failure caused injury to the California Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendants have failed to maintain accurate records of hours worked by the California Plaintiff and California Class members as required under Labor Code § 1174(d).

101.    The California Plaintiff and California Class members are entitled to and seek injunctive relief requiring Defendants to comply with California Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under California Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

- 18 -

COMPLAINT

**FIFTH CAUSE OF ACTION**
**California Business & Professions Code §§ 17200 *et seq.*:  Unfair Competition**
**Brought by the California Plaintiff Individually and on Behalf of the**
**California Class**

102.    The California Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL").  The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

104.    Beginning at a date unknown to the California Plaintiff, but at least as long ago as March 25, 2011, Defendants committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendants' conduct as alleged herein has injured the California Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Plaintiff and the California Class.

105.    Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

    a.    FLSA, 29 U.S.C. §§ 201 *et seq.*;

    b.    California Labor Code § 1194;

    c.    California Labor Code §§ 201, 202, 203, and 226;

    d.    California Labor Code § 1174; and

    e.    California Labor Code § 510.

106.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendants' conduct described herein violates

- 19 -

the policy or spirit of such laws or otherwise significantly threatens or harms competition.

107.   The unlawful and unfair business practices and acts of Defendants, described above, have injured California Class members in that they were wrongfully denied the payment of earned overtime wages.

108.   The California Plaintiff, on behalf of herself and the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

109.   The California Plaintiff, on behalf of herself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due, including for unpaid overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, or 8 hours in a day, and double the regular rate of pay for work performed in excess of 12 hours per day.

## SIXTH CAUSE OF ACTION
### New York Labor Law:  Unpaid Overtime
### Brought by the New York Plaintiff Individually and on Behalf of the New York Class

110.   The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

112.   At all times relevant, each Defendant was an "employer" of the New York Plaintiff and the New York Class Members within the meaning of the NYLL.

COMPLAINT

113.   At all times relevant, the New York Plaintiff and the New York Class were "employees" of each Defendant within the meaning of NYLL.

114.   At all times relevant, each Defendant employed the New York Plaintiff and the New York Class Members, suffering or permitting them to work.

115.   Defendants failed to pay overtime for all hours worked over 40 in a workweek to the New York Plaintiff and the New York Class Members, in violation of the NYLL.

116.   By Defendants' failure to pay the New York Plaintiff and the New York Class Members overtime for all hours worked in excess of 40 hours per week, it has knowingly and willfully violated Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

117.   Defendants failed to keep, make, preserve, maintain, and furnish accurate records of hours worked by the New York Plaintiff and members of the New York Class.

118.   Defendants' violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

119.   Due to Defendants' violations of the NYLL, the New York Plaintiff and the members of the New York Class have incurred harm and loss and are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SEVENTH CAUSE OF ACTION
**New York Labor Law: Wage Statements**
**Brought by the New York Plaintiff Individually and on Behalf of the New York Class**

120.   The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

121.        Defendants have willfully failed to supply the New York Plaintiff and the New York Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the regular rate or rates of pay and the basis thereof, overtime rate or rates of pay, and the total number of hours worked, including overtime hours.

122.   Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, has been willful.  Defendants were aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful.

123.   Due to Defendants' willful violations of NYLL, Article 6, § 195(3), the New York Plaintiff and the New York Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide each of them with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     Designation of this action as a collective action on behalf of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

B.     Certification of the California and New York Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.     Designation of the California and New York Plaintiffs as Class Representatives of their respective Classes;

D.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    E.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    F.  Pre-judgment and post-judgment interest, as provided by law;

    G.  Attorneys' fees and costs of action incurred herein, including expert fees; and

    H.  Such other relief as this Court deems just and proper.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Class and Collective Action Complaint.

COMPLAINT

Dated:  March 25, 2015

Respectfully submitted,

By: */s/ Jahan C. Sagafi*
        Jahan C. Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
Katrina L. Eiland (Cal. Bar No. 275701)
keiland@outtengolden.com
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (347) 390-2187

Justin M. Swartz (*pro hac vice* motion forthcoming)
jms@outtengolden.com
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060

Gregg I. Shavitz (*pro hac vice* motion forthcoming)
gshavitz@shavitzlaw.com
Susan H. Stern (*pro hac vice* motion forthcoming)
sstern@shavitzlaw.com
Paolo C. Meireles (*pro hac vice* motion forthcoming)
pmeireles@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiffs and Proposed Class members*

- 24 -

COMPLAINT